IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID CRAMER,                              No. 2:16-CV-0083-CMK-P

    Petitioner,

  vs.                                                    ORDER

PEOPLE OF THE STATE OF CALIFORNIA,

    Respondent.

_____/

        Petitioner, a former state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.  Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

        On February 23, 2016, the court directed petitioner to show cause why this action should not be summarily dismissed.  In the order to show cause, the court stated:

> Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain that petitioner is not entitled to federal habeas relief.

Specifically, petitioner is no longer in custody, having completed a 30-day sentence imposed in November 2014. Relief under § 2254 is available only to individuals who are in custody. See 28 U.S.C. § 2254(b)(1).

In his responses to the order to show cause, filed on March 2, 2016, petitioner states that he "was sentenced November 20, 2014, to 30 days in jail and has been in constructive custody since." Petitioner adds that motions to the Placer County Superior Court and the California Court of Appeal to stay execution of the sentence were denied. While petitioner states that he "expects to be taken into custody," he does not allege that he is in fact in custody at this time.[1] Because petitioner does not satisfy the "in custody" requirement of § 2254, the petition will be summarily dismissed under Rule 4.

Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the court has considered whether to issue a certificate of appealability. Before petitioner can appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. See Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 1604 (2000)). For the reasons outlined above, the court finds that issuance of a certificate of appealability is not

---

[1] Petitioner has not notified the court of any change of address suggesting that he was taken into custody, nor has petitioner specifically notified the court that he has been taken into custody.

warranted in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is summarily dismissed;

2. The court declines to issue a certificate of appealability; and

3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: May 16, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE